UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JOHN NICOLOSI,

                        Plaintiff,

        -against-                          04 Civ. 00082 (DAB)
                                           <u>MEMORANDUM & ORDER</u>
CITY OF NEW YORK; NEW YORK POLICE
DEPARTMENT; NEW YORK CITY TRANSIT
BUREAU; JOHN GALLANTINI, individually
and in his official capacity; JOHN
HOWARD, individually and in his
official capacity; LAURA G. JOHNSON,
individually and in her official
capacity

                        Defendants.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

        Plaintiff John Nicolosi brings this action against the

above-named Defendants, claiming that they violated his

constitutional right to due process.  Plaintiff asserts this

claim pursuant to the Fourteenth Amendment, 42 U.S.C. § 1983 ("§

1983"), and NY Civil Service Law § 75.  He seeks to recover

monetary damages and declaratory relief.  The individual

Defendants are being sued in their individual and official

capacities.

        Defendants City of New York, New York City Transit Bureau,

and New York City Police Department ("Defendants") move to

dismiss Plaintiff's claim pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure on two grounds.  First,

Defendants argue that Plaintiff is barred from bringing this

                        1

action by the statute of limitations.  Second, Defendants contend that Plaintiff failed to state a claim upon which relief can be granted because he failed to allege that Defendants' conduct was part of an established state procedure rather than random, unauthorized acts by state actors.

For the reasons stated below, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.  Plaintiff shall be granted 30 days from the date of this Order to amend his Complaint.


## I. BACKGROUND

In August 1986, the New York City Transit Authority ("Transit Authority") brought misconduct charges against Plaintiff.  He had been a Transit Police Officer since January 29, 1982.  (Compl. ¶ 15.)  The charges stemmed from incidents that occurred in July 1984 while Plaintiff was on patrol duty with his partner, Dean Kopp ("Kopp").  Plaintiff was accused of permitting a civilian, Kirk Raja ("Raja"), to possess a firearm and to use that firearm to harass subway passengers.  (Compl. ¶¶ 16-19.)  At an administrative hearing, Raja testified against Plaintiff.  Following the investigation and hearing, Plaintiff was terminated on November 19, 1986.  (Compl. ¶ 19.)

On February 20, 1987, Plaintiff brought an Article 78 proceeding in New York State Supreme Court, Kings County seeking his reinstatement.  (Compl. ¶ 20.)  The case subsequently was

transferred to the Appellate Division, Second Department.  (<u>Id.</u>)
The last document on record in that proceeding is a court order
denying Plaintiff's Motion to Enlarge Time to Perfect the
Proceeding and dismissing the entire petition.  (<u>See</u> Order, <u>In re
Nicolosi v. New York City Transit Authority</u>, Mar. 2, 1990.)

Since 1986, Plaintiff claims he diligently searched for Raja
and finally located him in November 2003.  (Compl. ¶ 22.)  In
2003, Raja submitted an affidavit to Plaintiff.  In the
affidavit, Raja claims that he testified falsely against
Plaintiff at the termination hearing and that Kopp was the
officer who gave him the gun.  (Not. of Defs.' Mot. to Dis., Exh.
"A".)  Raja claims that Defendants Gallantini, Howard, and
Johnson ("Individual Defendants")[1] – all of whom participated in
Plaintiff's termination proceedings on behalf of the City – were
aware of these facts.  Specifically, Raja asserts that he told
the Individual Defendants that Plaintiff did not commit the acts
of which he was being accused.  (<u>Id.</u>)  Raja avers that Gallantini
and Howard subsequently told him to lie at the hearing and that
if he did not lie, he would be imprisoned for impersonating an
officer.  (<u>Id.</u>)  Raja also claims that when he told Johnson that
Plaintiff was innocent of the charges, Johnson told Raja that it
was too late to change his original statement.  (<u>Id.</u>)

---

[1] Gallantini and Howard were police officers at the time of
Plaintiff's termination (<u>see</u> Compl. ¶¶ 8, 9), and Laura Johnson
was an Assistant Corporation Counsel (<u>id.</u> ¶ 10).

Plaintiff filed this action on January 7, 2004.  He claims that due to Howard's, Gallantini's, and Johnson's having coerced Raja's false testimony, his right to due process was violated. Plaintiff further alleges that his termination resulted from Defendants' "policy of failing to control police officers and legal counsel engaged in fraud, concealment, and coercive conduct and maintaining a police code of silence wherein police officers regularly cover up police misconduct."  (Compl. ¶ 28.)  Plaintiff seeks a declaration that he was denied due process, and reinstatement as a tenured police officer.  Plaintiff also seeks compensatory and punitive damages, including attorney's fees.


## II. DISCUSSION

In deciding a Rule 12(b)(6) motion, the Court must read the complaint generously, accepting as true all factual allegations therein and drawing all reasonable inferences in favor of the plaintiff.  <u>Bolt Elec., Inc. v. City of New York</u>, 53 F.3d 465, 469 (2d Cir. 1995); <u>Mills v. Polar Molecule Corp.</u>, 12 F.3d 1170, 1174 (2d Cir. 1993).  Dismissal is only proper when it "appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Chance v. Armstrong</u>, 143 F.3d 698, 701 (2d Cir. 1998) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

Because a Rule 12(b)(6) motion is used to assess the legal feasibility of a complaint, a court should not "assay the weight of the evidence which might be offered in support thereof." Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980).  Rather, consideration of a Rule 12(b)(6) motion is limited to the factual allegations in the complaint, documents attached to the complaint as exhibits or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit.  Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993) (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991)).

A.   Statute of Limitations

Defendants argue that Plaintiff's claim is time-barred since he filed this action seventeen years after he was terminated. (Defs.' Mem. Law at 5.)

Title 42, United States Code, Section 1983 ("Section 1983") provides individuals with a private cause of action for deprivations of constitutional rights by public officials.  It provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to

> the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding
> for redress.

The statute of limitations for actions under § 1983 is the statute of limitations applicable to personal injuries occurring in the state in which the appropriate federal court sits.  Owens v. Okure, 488 U.S. 235, 251 (1989); Warren v. Altieri, 59 Fed. Appx. 426, 427 (2d Cir. 2003); Connolly v. McCall, 254 F.3d 36, 40-41 (2d Cir. 2001).  In New York State, the applicable statute of limitations for personal injuries is three years.  N.Y. Civ. Prac. L. § 214(5) (McKinney's 1990).

Federal law governs the question of when the § 1983 claim accrues, even though the statute of limitations is borrowed from state law.  M.D. v. Southington Bd. of Educ., 334 F.3d 217, 221 (2d Cir. 2003); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002).  Federal law holds that the time of accrual of such an action is when the plaintiff knows or has reason to know of the injury which is the basis of the action.  Cornwell v. Robinson, 23 F.3d 694, 703 (2d Cir. 1994) (citing Singleton v. New York, 632 F.2d 185, 191 (2d Cir. 1980)) (federal law establishes the time of accrual for Section 1983 actions); Eagleston v. Guido, 41 F.3d 865, 875 (2d Cir. 1994); Ognibene v. Niagara County Sherriff's Dep't, 117 Fed. Appx. 798 (2d Cir. 2005).

In Section 1983 cases, federal courts borrow not only a State's limitations period but also its tolling rules.  <u>Pearl</u>, 296 F.3d at 80 (2d Cir. 2002) (<u>citing</u> <u>Board of Regents v. Tomanio</u>, 446 U.S. 478, 484-86 (1980)).  New York recognizes the tolling doctrine of equitable estoppel.  <u>See</u> <u>Keating v. Carey</u>, 706 F.2d 377, 381 (2d Cir. 1983) (extending the statute of limitations in Section 1983 case until plaintiff could have reasonably found out about a conspiracy).  Under this doctrine, "when the defendant fraudulently conceals the wrong, the time does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action."  <u>Id.</u> at 382.  Equitable estoppel allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances.  <u>Johnson v. Nyack Hosp.</u>, 86 F.3d 8 (2d Cir. 1996) (quoting <u>Bowers v. Transportacion Maritima Mexicana, S.A.</u>, 901 F.2d 258, 264 (2d Cir. 1990)).  The doctrine requires a party to pass with reasonable diligence through the period it seeks to have tolled.  <u>See</u> <u>Dodds v. Cigna Secs., Inc.</u>, 12 F.3d 346, 350 (2d Cir. 1993); <u>accord</u> <u>Singletary v. Continental Illinois Nat'l Bank & Trust Co.</u>, 9 F.3d 1236, 1241 (7th Cir. 1993) (equitable tolling "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before").

Plaintiff's Complaint does not warrant equitable tolling. Plaintiff argues that he knew he needed to contact Raja, but he was unable to find him for seventeen years despite his reasonable diligence. However, Plaintiff offers no specific allegations or evidence that he exercised reasonable diligence for all of the seventeen years. He only makes the conclusory allegation that in 1986, he began to "diligently search for Raja". (Compl. ¶ 22.) Plaintiff fails to explain the steps he took to locate Raja, or why Kopp was never able to help him with this search. Plaintiff provides no information about the circumstances under which he finally found Raja, or why it took him all of seventeen years to do so.

Any alternative argument by Plaintiff that he did not search for Raja because he did not suspect that Defendants had acted illegally also is unavailing. If, as Plaintiff alleges, Raja testified falsely, Plaintiff was on notice that Raja had some motive for doing so. Without alleging that he reasonably believed that Raja had a motive for testifying falsely other than Defendants' coercion, Plaintiff cannot argue that he did not know he needed to search for Raja. Cf. Pearl v. City of Long Beach, 296 F.3d 76 (2d Cir. 2002) (statute of limitations for plaintiff's Section 1983 claim against city not tolled in part because plaintiff could have known earlier that police officers falsified testimony against him, and thus he could have known

8

earlier that he was wronged by the city's alleged policy of not controlling such conspiracies).

Plaintiff directs the Court to Dory v. Ryan, 999 F.2d 679 (2d Cir. 1993). In that case, the plaintiff, who was convicted in 1981, received an affidavit in 1989 from a witness who testified against him at trial. The witness stated that he had been coerced by the prosecution to commit perjury. Dory filed his action in 1992, eleven years after his conviction. The Second Circuit held that Dory's complaint was timely since he could not have known about his cause of action until he received the witness' affidavit. Dory, 999 F.2d at 681.

Dory is distinguishable from Plaintiff's case. The plaintiff in Dory was a prisoner acting pro se. Investigative resources were not available to him. Dory's ability to locate and confront any perjuring witnesses would have been severely constrained during his term of imprisonment. Moreover, the coerced witness sent Dory his affidavit unsolicited.

Plaintiff does not allege whether he solicited Raja's affidavit, or whether Raja sent him the affidavit unprompted after seventeen years. Plaintiff also was not confined in any way during the seventeen-year period. Unlike Dory, he had the same access to investigative and legal resources that any other non-incarcerated citizen has; indeed, as a former police officer he may have had investigative expertise that would elude the

average citizen.   Plaintiff offers no specific justification for

his seventeen-year delay.

Accordingly, Defendants' Motion to Dismiss is hereby

GRANTED.[2]  Plaintiff's claims against all Defendants are hereby

DISMISSED WITHOUT PREJUDICE.[3]

---

[2] Because the Complaint is dismissed on statute of limitations
grounds, the Court need not consider Defendants' other arguments
for dismissal.   However, Defendants' argument that the alleged
deprivation of due process stemmed from random, unauthorized acts
by state officials rather than from established state policy
likely would fail.   Plaintiff alleges that Plaintiff's
termination "resulted from the defendant's policy of failing to
control police officers and legal counsel engaged in fraud,
concealment, and coercive conduct and maintaining a police code
of silence wherein police officers regularly cover up police
misconduct."   (Compl. ¶ 28.)   Though this allegation is general,
it sufficiently alleges an established state policy for purposes
of defeating a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss.   See,
e.g., Walker v. City of New York, 974 F.2d 293 (wrongfully
convicted plaintiff's "failure to train" claim survived a
12(b)(6) motion to dismiss even though the Complaint did not
expressly aver that a practice of perjury pervaded the police
department); Babi-Ali v. City of New York, 979 F. Supp. 268, 273-
75 (S.D.N.Y. 1997) (applying Walker test to shelter from
dismissal plaintiff's claim that municipal defendant illegally
neglected to provide training on perjury).

[3] The Court's records indicate that to date, the following Co-
Defendants have been served: the City of New York, the New York
City Transit Bureau, and the New York City Police Department.
Only those Defendants have responded to the Complaint.   According
to the Court's records, Defendants John Gallantini, John Howard,
and Laura Johnson have not been served with the Complaint.
However, because the statute of limitations applies equally to
all Defendants, the Court also dismisses Plaintiff's claims
against Defendants not yet served.

**B.    Leave To Amend**

Even when a complaint has been dismissed, permission to amend it "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "While it is the usual practice upon granting a motion to dismiss to allow leave to replead," Cohen v. Citibank, No. 95 Civ 4826, 1997 WL 883789, at *2 (S.D.N.Y. Feb. 28, 1997), a court may dismiss without leave to amend when amendment would be futile.  Oneida Indian Nation of New York v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)).

Amendment would not be futile because Plaintiff alludes to circumstances which may justify equitable tolling.  However, he does not offer specific allegations or evidence on this point. Plaintiff shall be granted leave to amend his Complaint so that he may both specify reasons for tolling the statute of limitations, and specifically describe the circumstances under which Raja's affidavit was obtained.  Plaintiff is hereby granted 30 days to amend his Complaint.

III. <u>CONCLUSION</u>

Defendants' Motion to Dismiss is hereby GRANTED.

Plaintiff's claims against all Defendants are DISMISSED WITHOUT

PREDJUDICE.  Plaintiff is hereby granted 30 days from the date of

this Order to amend his Complaint.


SO ORDERED.

Dated:     New York, New York
           *November 20, 2006*

                                    *Deborah A. Batts*
                                    Deborah A. Batts
                              United States District Judge